```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
S. et al.,                                       :
                                                 :
                        Plaintiffs,              :
                                                 :          20-CV-7635-ALC
        -against-                                :
                                                 :          ORDER OF DISMISSAL
The City of New York et al.,                     :
                                                 :
                        Defendants.              :
                                                 :
                                                 :
------------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___12/1/2021___

**ANDREW L. CARTER, JR., United States District Judge:**

Based on representations from Defendants that this case had become moot, on November 15, 2021, I issued an Order to Show Cause with a return date of November 29, 2021 "why this case should not be dismissed for lack of subject matter jurisdiction." ECF No. 26. The parties jointly submitted a timely response to my Order to Show Cause indicating, among other things, that they agree that the case should be dismissed as moot for the reasons noted in Defendants' status report dated April 8, 2021. ECF No. 27 (citing status report at ECF No. 24).

The mootness doctrine derives from Article III of the Constitution, which "grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (citing *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)). "[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*

*v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal quotation marks omitted). "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id.* (citation and internal quotation marks omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires district courts to dismiss an action "if [it] determines at any time that it lacks subject-matter jurisdiction."

Accordingly, this action is hereby **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

**Dated**: December 1, 2021
      New York, New York

The Hon. Andrew L. Carter, Jr.
United States District Judge